RECEIVED
MAY 20 2024
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AUNHK RA AUNHKHOTEP, | ) |
| Plaintiff, | ) |
| v. | ) |
| JANE DOE<br>United States Post Office<br>Frederick N. Weathers Branch<br>3415 North Kingshighway<br>St. Louis, Missouri 63115<br>*In Her Individual Capacity* | )<br>)<br>)<br>) |
| POLICE OFFICER EBBERHART<br>St. Louis Metropolitan Police Department<br>1915 Olive Street<br>St. Louis, Missouri 63103<br>*In His Individual Capacity* | )<br>)<br>) |
| POLICE CAPTAIN KARNOWSKI<br>St. Louis Metropolitan Police Department<br>1915 Olive Street<br>St. Louis, Missouri 63103<br>*In His Individual Capacity* | )<br>)<br>) |
| POLICE SERGEANT BECKER<br>St. Louis Metropolitan Police Department<br>1915 Olive Street<br>St. Louis, Missouri<br>*In Her Individual Capacity* | )<br>)<br>)<br>) |
| CAPTAIN BERTRICE THOMAS<br>St. Louis City Justice Center<br>200 South Tucker Blvd<br>St. Louis, Missouri 63102<br>*In Her Individual Capacity* | )<br>)<br>)<br>) |
| LEUTENANT RAYMOND BROWN<br>St. Louis City Justice Center<br>200 South Tucker Blvd<br>St. Louis, Missouri 63102<br>*In His Individual Capacity* | )<br>)<br>) |

Jury Trial Demand

Case No.: _____
(To Be Supplied By Court Clerk)

| | |
|---|---|
| LEUTENANT BRUCE BOARDERS<br>St. Louis City Justice Center<br>200 South Tucker Blvd<br>St. Louis, Missouri 63102<br>*In His Individual Capacity* | )<br>)<br>)<br>) |
| LEUTENANT CHAPMAN LOREZO<br>St. Louis City Justice Center<br>200 South Tucker Blvd<br>St. Louis, Missouri 63103<br>*In His Individual Capacity*, | )<br>)<br>)<br>) |
| Defendants. | ) |

## FEDERAL COMPLAINT

NOW COMES, Plaintinff, Aunhk Ra Aunhkhotep, (hereinafter "Plaintiff"), hereby files this Federal Complaint, (hereinafter "Complaint"), against the above referenced Defendants, (hereinafter "Defendants"), for violating Plaintiff's constitutional rights under the First Amendment, Fourth Amendment, retaliation in violation of Plaintiff's First Amendment Rights, conspiracy to violate Plaintiff's First Amendment Rights, Violation of Plaintiff's Rights to submit written, in-person request for public records under Missouri law, conspiracy to violate right to obtain public records under Missouri law and assault for exercising rights under the First Amendment.

## NATURE OF FEDERAL ACTION

1. This is an action arising under the United States Constitution, Title 42 USC Section ("1983") and for a federal claim under *Bivens v Six Unknown Named Agents*.

2. Defendant JANE DOE conspicuously, intentionally and knowingly retaliated against Plaintiff for exercising right to engage in public videography and photography in a public building inside the lobby area of the United States Post Office.

3. Defendant EBBERHART conspicuously, intentionally and knowingly deprived

1.

Plaintiff of right to engage in public photography and videography in a public building inside the lobby area of St. Louis City Assessor's Office. Defendant further detained Plaintiff in violation of Plaintiff's fourth amendment rights and deprived Plaintiff of state right to submit in-person written request for agency records while visiting the Assessor's Office.

4. Defendant KARNOWSKI conspicuously, intentionally and knowingly issued an unlawful order directing Plaintiff to leave public property for engaging in public photography and videography; Defendant threatened to trespass and arrest Plaintiff for exercising right to engage in public photography and videography while recording and filming on public property at St. Louis Metropolitan Police North Patrol Division.

5. Defendant KARNOWSKI conspicuously, intentionally and knowingly deprived Plaintiff of right to submit in-person request for agency records while visiting the North Patrol Division.

6. Defendant BECKER conspicuously, intentionally and knowingly issued an unlawful order directing Plaintiff to leave public property for engaging in public photography and videography; Defendant threatened to trespass and arrest Plaintiff for exercising right to engage in public photography and videography while recording and filming on public property at the North Patrol Division.

7. Defendant BECKER conspicuously, intentionally and knowingly deprived Plaintiff of state right to submit in-person, written request for agency records while visiting the North Patrol Division.

8. Defendant THOMAS conspicuously, knowingly and intentionally assaulted, physically injured and physically removed Plaintiff from St. Louis City Justice Center for engaging in permissible public videography and photography. Further, Defendant deprived

2.

Plaintiff of state right to submit written, in-person request for agency records while visiting St. Louis City Justice Center.

9. Defendant BROWN conspicuously, knowingly and intentionally assaulted, physically injured and physically removed Plaintiff from the lobby area of St. Louis City Justice Center for engaging in public videography and photography. Further, Defendant deprived Plaintiff of state right to submit written, in-person request for agency records while visiting St. Louis City Justice Center.

10. Defendant BOARDERS conspicuously, knowingly and intentionally assaulted, physically injured and physically removed Plaintiff from the public lobby area of St. Louis City Justice Center for engaging in public photography and videography. Further, Defendant deprived Plaintiff of state right to submit written, in-person request for agency records while visiting St. Louis City Justice Center.

11. Defendant LOREZO conspicuously, knowingly, and intentionally assaulted, physically injured and physically removed Plaintiff from St. Louis City Justice Center for engaging in public photography and videography. Further, Defendant deprived Plaintiff of state right to submit written, in-person request for agency records while visiting St. Louis City Justice Center.

## JURISDICTION AND VENUE

12. The District Court has jurisdiction to entertain this Complaint pursuant to 28 U.S.C. Section 1331, 1343(3) and Title 42 U.S.C. Section 1983. The Court also has supplemental jurisdiction under 28 U.S.C 1367.

## PARTIES

13. Plaintiff, Aunhk Ra Aunhkhotep, resides in the City of St. Louis, Eastern District of Missouri.

14. Defendant Jane Doe, whom Plaintiff sues in her individual capacity, is and was at all times relevant to this proceeding. Defendant acted at all times relevant herein under color of federal law and in her capacity as an agent and employee of the United States Postal Service.

15. Defendant Ebberhart, whom Plaintiff sues in his individual capacity, is and was at all times relevant to this proceeding. Defendant acted at all times relevant herein under the color of law and in his capacity as an agent and employee of St. Louis Metropolitan Police Department and the City of St. Louis.

16. Defendant Karnownski, whom Plaintiff sues in his individual capacity, is and was at all times relevant to this proceeding. Defendant acted at all times relevant herein under the color of law and in his capacity as an agent and employee of St. Louis Metropolitan Police Department and the City of St. Louis.

17. Defendant Becker, whom Plaintiff sues in her individual capacity, is and was at all timed relevant to this proceeding. Defendant acted at all times relevant herein under the color of law and in her capacity as an agent and employee of St. Louis Metropolitan Police Department and the City of St. Louis.

18. Defendant Thomas, whom Plaintiff sues in her individual capacity, is and was at all times relevant to this proceeding. Defendant acted at all times relevant herein under the color of law and in her capacity as an agent and employee of St. Louis City Justice Center and the City of St. Louis.

19. Defendant Brown, whom Plaintiff sues in his individual capacity, is and was at

all times relevant to this proceeding. Defendant acted at all times relevant herein under the color of law and in his capacity as an agent and employee of St. Louis City Justice Center and the City of St. Louis.

20. Defendant Boarders, whom Plaintiff sues in his individual capacity, is and was at all times relevant to this proceeding. Defendant acted at all times relevant herein under the color of law and in his capacity as an agent and employee of St. Louis City Justice Center and the City of St. Louis.

21. Defendant Lorezo, whom Plaintiff sues in his individual capacity, is and was at all times relevant to this proceeding. Defendant acted at all times relevant herein under the color of law and in his capacity as an agent and employee of St. Louis City Justice Center and the City of St. Louis.

## INCIDENT(S) FACTS

### Incident No. 1

#### A. DEFENDANT JANE DOE

22. On April 4, 2024, at approximately 10:00am, while visiting the Frederick N. Weathers Post Office, Plaintiff proceeded to record Jane Doe in her interactions with the public.

23. Defendant Jane Doe demanded that Plaintiff not record. Defendant further stated that she did not give Plaintiff permission to record her. Plaintiff explained to Defendant that Plaintiff had a right to record. Plaintiff continuously recorded, completed the recording and subsequently exited the building.

24. On April 10, 2024, at approximately 8:45am through 9:15am, Plaintiff returned to the same post office to conduct business. Plaintiff proceeded to window #1 where Plaintiff re-encountered Defendant.

25. While standing at window #1, Defendant Jane Doe stated she was not going to provide Plaintiff service due to Plaintiff recording Defendant on April 4, 2024. Defendant demanded Plaintiff to move away from her window. Plaintiff complied at which time Defendant began serving other customers.

Incident No. 2

B. DEFENDANT EBBERHART

26. On April 5, 2024, at approximately 10:30am through 11:30am, while visiting St. Louis City Hall, Plaintiff attempted to access the lobby area of the Assessor's Office to record public officials in their affairs with the public and to seek agency records under Missouri Sunshine Law.

27. Defendant Ebberhart block Plaintiff's forward progress from entering the lobby area of the Assessor's Office to record and to submit written, in-person request for agency records. Defendant Ebberhart threatened Plaintiff with trespass and arrest had Plaintiff proceeded to enter the lobby area of the Assessor's Office. Plaintiff departed the encounter with threat of removal from building and threat of arrest.

Incident No. 3

C. DEFENDANTS BECKER AND KARNOWSKI

28. On April 15, 2024, at approximately 9:30am, Plaintiff visited the North Patrol Division of St. Louis Metropolitan Police Department to record and take picture of the building and property. Plaintiff further sought to submit written, in-person request for agency records under Missouri Open Records Law.

29. Plaintiff proceeded to enter the parking lot of the North Patrol Division to take pictures of the police cars and other public property. However, Plaintiff was confronted by two

uniformed officers whom stated Plaintiff was not allowed to either photograph or record the cars or other property parked on the parking lot.

30. Plaintiff requested the two uniformed officers to summons their supervisors; Defendant Sergeant Becker and Defendant Karnowski appeared. Both Defendants ordered Plaintiff to leave the premises and threatened Plaintiff with trespass and arrest. Under threat of being trespassed and arrested, Plaintiff departed the property.

Incident No. 4

### D. DEFENDANTS THOMAS, BROWN, BOARDERS & LOREZO

31. On April 29, 2024, at approximately 1:30pm through 2:15pm, Plaintiff visited St. Louis City Justice Center to engage in public photography and videography while recording in the lobby area of St. Louis City Justice Center.

32. While recording inside the lobby area, Plaintiff engaged conversation with an unidentified staff member whom was stationed at the front area of the lobby. Defendant Thomas arrived, demanded Plaintiff to stop recording and threatened to throw Plaintiff out of the building. Nevertheless, Plaintiff continued to record.

33. Defendant Thomas summoned Defendants Brown, Boarders and Lorezo to the lobby area and all Defendants confronted Plaintiff.

34. All Defendants grabbed Plaintiff's arms, hands, fingers, neck, head, punched Plaintiff in the back, twisted Plaintiff head and neck, twisted Plaintiff's arms and wrists, fingers and hands; grabbed plaintiff neck and threw Plaintiff out the front door of the Center. As a result of the assault, Plaintiff sustained swollen wrists, swollen right arm, severe headaches and a swollen knot on Plaintiff's lower right arm.

## BIVENS-CLAIM FOR RELIEF

### COUNT I.
#### A. <u>DEFENDANT JANE DOE</u>
(Retaliation Against Plaintiff for Exercising First Amendment
Rights- In Violation *Bivens v. Six Unknown Named Federal Agents*)

35. The preceding paragraphs 1 through 34 are incorporated herein by referenced.

36. On April 10, 2024, Defendant Jane Doe did not possess any legal or lawful reason or basis for which to deny Plaintiff public service while visiting the United States Post Office.

37. Further, Defendant Jane Doe did not have an expectation of privacy while working as a public servant at the time Plaintiff filmed and recorded Defendant while Defendant engaged the public.

38. At no time during the event at issue justified Defendant denying Plaintiff public service while visiting the post office. Consequently, Defendant effectively deprived Plaintiff of public service and retaliated against Plaintiff for exercising right to film and record Defendant from the lobby area of the post office.

39. Defendant Jane Doe acted with sufficient malice for punitive damages to issue under law.

40. Defendant Jane Doe acted with actual malice in her decision to deny public service knowing that Defendant's actions were retaliatory and motivated by an improper motive ie. unconstitutional retaliation for filming Defendant on April 4th, 2024.

41. In addition and/or alternatively, Defendant Jane Doe acted with sufficient state of mind for punitive damages to issue under 42 U.S.C. Section 1983.

42. Defendant Jane Doe acted with evil motive or intent or the reckless or callous indifference to Plaintiff federally protected First Amendment Rights to engage in public

8.

photography and videography and to film Defendant in the course of Defendant's affairs with the public.

## COUNT II

### B. DEFENDANT EBBERHART
(Violation of Fourth Amendment Rights Under Title 42 U.S.C Section 1983)

43. The preceding paragraphs 1 through 42 are incorporated herein by reference.

44. On April 5, 2024, Defendant Ebberhart, without legal authority or legal justification, physically prevented Plaintiff from entering the lobby area of St. Louis City Assessor's Office.

45. Defendant Ebberhart placed himself immediately in the path of Plaintiff's movement as to effectively stop Plaintiff's movement in public; thus, effectively detaining Plaintiff without just or legal cause.

46. At no time during the event did Defendant Ebberhart possess legal justification to physically stop Plaintiff from entering the lobby area of the Assessor's Office or to restrict Plaintiff's movement while moving about in a public.

47. Defendant Ebberhart acted with sufficient state of mind for punitive damages to issue under 42 U.S.C. Section 1983.

48. Defendant Ebberhart acted with clear motive of conscious intent or reckless or callous indifference to Plaintiff's 4th Amendment Rights.

## COUNT III.

### C. DEFENDANT EBBERHART
(Violation of Plaintiff's First Amendment Rights-Title 42 U.S.C. Section 1983)

49. The preceding paragraphs 1 through 48, are incorporated herein by reference.

50. On April 5, 2024, Defendant Ebberhart, without legal justification or legal

9.

authority, violated Plaintiff's first amendment rights to engage in public photography and videography.

51. At no time during this event did Defendant Ebberhart have legal or lawful justification to stop Plaintiff from entering the lobby area of the Assessor's Office to film, record or take photos of public servants engaged with the public.

52. Defendant Ebberhart acted with sufficient state of mind for punitive damages to issue under 42 U.S.C. Section 1983.

53. Defendant Ebberhart acted with clear motive of conscious intent or reckless or callous indifference to Plaintiff's First Amendment Rights.

## COUNT IV

### D. DEFENDANTS BECKER AND KARNOWSKI
(Violation of Plaintiff's First Amendment Right- 42 U.S.C. 1983)

54. The preceding paragraphs 1 through 53 are incorporated herein by reference.

55. On April 15, 2024, at approximately 9:30am, Defendants Becker and Karnowski lacked legal justification to stop Plaintiff from engaging in videography and photography while on public property at the North Patrol Division.

56. At no time during the encounter Defendants possessed legal authority to order Plaintiff off public property or threaten Plaintiff with trespass and arrest.

57. Defendants acted with sufficient malice for punitive damages to issue under law.

58. Defendants acted with actual malice in their decision to issue unlawful order directing Plaintiff to leave public property.

59. In addition/or in the alternative, Defendants Becker and Karnowski acted with sufficient state of mind for punitive damages to issue under 42 U.S.C. Section 1983.

10.

60. Defendants Becker and Karnowski acted with ill-motive of conscious intent or reckless or callous indifference to Plaintiff's federally protected rights.

## COUNT V

### E. DEFENDANTS BECKER AND KARNOWSKI
(Conspiracy to Violate Plaintiff's First Amendment Right)

61. The preceding paragraphs 1 through 60 are incorporated herein by reference.

62. On April 15, 2024, at approximately 9:30am, Defendants Becker and Karnowski conspired with one another to violate Plaintiff's first amendment rights to engage in public photography and videography.

63. At no time during the event Defendants Becker and Karnowski have legal or lawful justification to issue joint-order to leave public property, jointly agree to arrest Plaintiff for trespass and jointly agree to arrest Plaintiff if Plaintiff returned to the North Patrol Division.

64. Defendants Becker and Karnowski acted with sufficient malice for punitive damages to issue under law.

65. Defendants Becker and Karnowski acted with actual malice in their joint-decision to issue joint, unlawful order to threaten Plaintiff with trespass and arrest for engaging in a constitutionally protected activity.

66. Defendants Becker and Karnowski acted with evil motive or intent or reckless or callous indifference to Plaintiff's federally protected rights.

## COUNT VI

### F. DEFENDANTS BECKER AND KARNOWSKI
(Violation of Plaintiff Right to Submit In-Person Request for Agency
Records Under Missouri Sunshine Law; Supplemental
Jurisdiction Is Authorized Under Title 28 U.S.C 1367)

67. The preceding paragraphs 1 through 66 are incorporated herein by reference.

68. On April 15, 2023, at approximately 9:30am, Defendants Becker and Karnowski prohibited Plaintiff from entering the building to submit an in-person request for agency records.

69. At no time during the event did Defendants Becker and Karnowski have legal or lawful authority to prohibit Plaintiff from entering the building to submit in-person request for public records.

70. Defendants Becker and Karnowski acted with ill-motive, intent, reckless or callous indifference to Plaintiff's state rights.

## COUNT VII

G. <u>DEFENDANT THOMAS, BROWN, BOARDERS & LOREZO</u>
(Violation of Plaintiff First Amendment Right-
Under Title 42 U.S.C Section 1983

71. The preceding paragraphs 1 through 70 are incorporated herein by reference.

72. On April 29, 2024, at approximately 1:30pm through 2:15pm, Defendants Thomas, Brown Boarders and Lorezo, at all times relevant to this Complaint, illegally and without just cause prohibited Plaintiff from engaging in public photography and videography effectively depriving Plaintiff of right to record and film within a public building inside the public lobby area of St. Louis City Justice Center.

73. At no time did either Defendant possess legal authority to prohibit Plaintiff from recording inside the public lobby area of St. Louis City Justice.

74. All four Defendants acted with sufficient malice for punitive damages to issue under law.

75. All four Defendants acted with sufficient state of mind for punitive damages to issue under 42 U.S.C Section 1983.

12.

76. All four Defendants acted with evil motive of conscious intent or reckless or callous indifference to Plaintiff protected rights.

## COUNT VIII

### H. DEFENDANTS THOMAS, BROWN, BOARDERS & LOREZO
(Conspiracy to Violate Plaintiff's First Amendment Right-
Under Title 42 U.S.C. Section 1983)

77. The preceding paragraphs 1 through 76 are incorporated herein by reference.

78. On April 29, 2024, at approximately 1:30pm through 2:15pm, all four Defendants conspired with one another to violate Plaintiff's First Amendment Rights to engage in public photography and videography.

79. At no time during the events did the four Defendants have legal or lawful justification to "agree in unison" to stop Plaintiff from recording in the lobby area of St. Louis City Justice Center.

80. All four Defendants acted with sufficient malice for punitive damages for issue under law.

81. All four Defendants acted with evil motive of conscious intent or reckless or callous indifference to Plaintiff's federally protected rights.

## COUNT IX

### I. DEFENDANTS THOMAS, BROWN BOARDERS & LOREZO
(Assault- Supplemental Jurisdiction under Title
28 U.S.C. 1367)

82. The preceding paragraphs 1 through 81 are incorporated herein by reference.

83. On April 29, 2024, at approximately 1:30pm through 2:15, all four Defendants grabbed Plaintiff's arms, hands, fingers, neck, head; punched Plaintiff in the back, twisted Plaintiff's arms and wrists, fingers and hands; grabbed Plaintiff's neck and threw Plaintiff out the

13.

front of the building. As a result of the brutal assault. Plaintiff sustained swollen wrists, swollen right arm, severe headaches and a swollen knot on Plaintiff's lower right arm.

84. All four Defendants acted with sufficient malice for punitive damages to issue under law.

85. All four Defendants acted with actual malice in their decision to attack and assault Plaintiff and acted with sufficient state of mind for punitive damages to issue under 42 U.S.C. Section 1983.

86. All four Defendants acted with evil motive of conscious intent or reckless or callous indifference to Plaintiff's federal and state protected rights.

## COUNT X

### J. THOMAS, BROWN, BOARDERS & LOREZO
(Deprivation of Right to Submit Records Request-
Supplemental Jurisdiction under Title 28 U.S.C. Section 1367)

87. The preceding paragraphs 1 through 86, are incorporated herein by reference.

88. On April 29, 2024, at approximately 1:30 through 2:15pm, all four Defendants effectively prevented Plaintiff from submitting written, in-person request for agency records.

89. At no time during the event did Defendants have a legal or lawful authority to prevent Plaintiff of right to submit written, in-person request for agency records.

90. All Defendants acted with clear motive of conscious intent or reckless or callous Indifference to Plaintiff's state protected rights.

## COUNT XI

### COMPENSATORY DAMAGES

91. The preceding paragraphs 1 through 90 are incorporated herein by reference.

92. Plaintiff seeks compensatory damages in the amount of $5,000.000.00 against

all Defendants.

## PUNITIVE DAMAGES

93. Plaintiff seeks punitive damages in the amount of $4,000.000.00 against all Defendants.

94. Plaintiff seeks emotional damages in the amount of $1,000.000.00 against all Defendants.

## PRAYER

WHEREFORE, Plaintiff respectfully prays for the relief stated above and for any other relief the court deems just and proper to assure justice prevails.

Dated this 20th day of May, 2024.

Respectfully Submitted,

Aunhk Ra Aunhkhotep
5411 Robin Avenue
St. Louis, MO 63120
Tel. (314) 285-6193
Email: aunhkhotepaunhk@gmail.com

15.