# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| AUNHKA RA AUNHKHOTEP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00703-NCC |
| ) | |
| JANE DOE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Aunhka Ra Aunhkhotep's Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 2). Having reviewed the Application and the financial information provided in support, the Court finds that Plaintiff is unable to pay the costs of this litigation. The Court will therefore grant the Application and waive the filing fee in this matter. Additionally, for the reasons discussed below, the Court will dismiss all claims except those against Defendant Jane Doe.

### Legal Standard on Initial Review

Federal law allows individuals who cannot afford court fees to file lawsuits without prepaying those fees, a status known as proceeding "in forma pauperis" or "IFP." *See* 28 U.S.C. § 1915(a). While this provision promotes access to the courts, it includes statutory safeguards that require the Court to evaluate a complaint before issuing service of process on defendants. Under this initial screening process, the Court must dismiss any complaint that (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Court must liberally construe complaints filed by self-represented individuals under § 1915(e)(2). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If the essence of an allegation is discernible, the district court should interpret the complaint in a way that allows the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Liberal construction, however, does not exempt self-represented plaintiffs from the fundamental requirement of pleading facts sufficient to state an actionable claim. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court will not supply additional facts or construct legal theories to support the plaintiff's claims. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

To adequately state a claim for relief, a complaint must include sufficient factual detail to demonstrate that the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" are insufficient. *Id.* at 678. A claim is plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

**The Complaint**

This case arises from several incidents in April 2024 involving Plaintiff's attempts to photograph and film in various public buildings in St. Louis, Missouri. On April 4, 2024, Plaintiff recorded Jane Doe, a postal employee, interacting with the public at the Frederick Weathers Post Office. When Plaintiff returned to the building on April 10, Doe allegedly refused to serve him.

On April 5, 2024, Plaintiff attempted to enter the St. Louis City Assessor's Office to record public officials and request records. Defendant Ebberhart, a police officer, allegedly blocked Plaintiff's entry and threatened him with arrest.

On April 15, 2024, Plaintiff visited the North Patrol Division of the St. Louis Metropolitan Police Department to photograph police vehicles and submit a records request. Defendants Becker and Karnowski allegedly ordered Plaintiff to leave the premises and threatened him with arrest for trespassing.

The final incident occurred on April 29, 2024, at the St. Louis City Justice Center. While recording in the lobby, Defendant Thomas confronted Plaintiff and allegedly demanded that Plaintiff stop recording. Thomas then summoned Defendants Brown, Boarders, and Lorezo. Plaintiff alleges these four defendants physically assaulted him. He claims he sustained injuries including swollen wrists, a swollen right arm, severe headaches, and a swollen knot on his lower right arm.

Plaintiff brings claims under 42 U.S.C. § 1983 and *Bivens* for violations of his First and Fourth Amendment rights, as well as state law claims for assault and violations of Missouri's public records law. He seeks compensatory damages of $5,000,000, punitive damages of $4,000,000, and "emotional damages" of $1,000,000.

**Discussion**

Upon review of Plaintiff's Complaint, the Court finds that the claims asserted arise from four distinct incidents involving different defendants and different factual circumstances. Federal Rule of Civil Procedure 20(a) permits joinder of defendants only if the claims against them arise out of "the same transaction, occurrence, or series of transactions or occurrences" and share common questions of law or fact. The claims asserted here do not meet this standard.

Rule 21 permits severance and dismissal of improperly joined claims. The rule states: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

3

Because Plaintiff's claims do not arise from the same transaction or occurrence and do not share common questions of fact, the Court will dismiss all claims except those against Defendant Jane Doe. The Court will require Plaintiff to file an amended complaint containing only claims and allegations relating to Jane Doe.

Plaintiff shall amend his complaint using the Court's "Civil Complaint" form. Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page.

In the "Statement of Claim" section, Plaintiff shall: (1) set forth a short and plain statement of the factual allegations supporting his claim against Jane Doe; and (2) state what constitutional or federal statutory right(s) Jane Doe violated. Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a). No introductory or conclusory paragraphs are necessary. Plaintiff must fill out the form completely.

The Court advises plaintiff that an amended complaint completely replaces the original complaint. That is, any claims not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

After receiving the amended complaint, the Court will review it under 28 U.S.C. § 1915. If Plaintiff does not file an amended complaint on the Court-provided form within thirty (30) days per the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

**Conclusion**

For the foregoing reasons, the Court will dismiss Plaintiff's claims against Defendants Ebberhart, Karnowski, Becker, Thomas, Brown, Boarders, and Lorezo. The Court will require Plaintiff to file an amended complaint against Defendant Jane Doe.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Unknown Ebberhart, Unknown Karnowski, Unknown Becker, Bertrice Thomas, Raymond Brown, Bruce Boarders, and Chapman Lorezo are **DISMISSED** without prejudice. A separate Order of Partial Dismissal will accompany this memorandum and order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank "Civil Complaint" form (MOED-0032).

**IT IS FURTHER ORDERED** that **within thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form in accordance with the Court's instructions. Plaintiff's failure to comply with this Memorandum and Order may result in the dismissal of this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot. (ECF Nos. 5, 6, and 9).

Dated this 29th day of October, 2024.

_Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE