UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AUNHKA RA AUNHKHOTEP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00703-NCC |
| ) | |
| JANE DOE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Aunhka Ra Aunhkhotep's amended complaint. (ECF No. 12). Because the Court previously granted Plaintiff's motion to proceed in forma pauperis ("IFP") (ECF Nos. 2, 10), it will review his amended complaint under 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court dismisses this action for failure to state a plausible claim to relief.

### Background

Plaintiff initiated this action on May 20, 2024. (ECF No. 1). His original complaint related to several incidents that occurred in April 2024 involving Plaintiff's attempts to photograph and film in various public buildings in St. Louis, Missouri. Upon review of the original complaint, the Court determined that it impermissibly joined multiple defendants despite arising from several distinct incidents. *See* Fed. R. Civ. P. 20(a)(2). Consequently, the Court dismissed all claims except those against Defendant Jane Doe (ECF No. 10) and ordered Plaintiff to file an amended complaint on a Court-provided form. Plaintiff has since complied.

## Legal Standard on Initial Review

Because the Court previously granted Plaintiff's IFP motion, his amended complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific

2

task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Amended Complaint

In accordance with the Court's prior order, Plaintiff's amended complaint relates solely to his interaction with Jane Doe on April 4, 2024. Plaintiff alleges that on that day, he visited the Frederick N. Weathers Post Office and filmed the main lobby with his mobile phone. Defendant Doe noticed him and told him to stop recording. Plaintiff left the building "after recording." When he returned six days later, Plaintiff asserts that Doe refused to serve him because he "had videod [sic] Defendant the previous days." He left the line and Doe continued to serve other customers. Plaintiff brings this action against Doe in her individual capacity pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) for alleged violations of his First Amendment rights.

### Discussion

Plaintiff's claims arise under the First Amendment. However, in *Egbert v. Boule*, the Supreme Court declined to extend *Bivens* to a First Amendment retaliation claim and strongly cautioned against judicial recognition of new *Bivens* remedies. *See* 596 U.S. 482, 498 (2022). It emphasized that Congress, not the courts, is better suited to authorize a remedy for such claims. *Id.* at 499. The Court further noted that a plaintiff could frame almost any adverse action by a federal officer as retaliatory, and that extending *Bivens* to such claims would deter officers from effectively performing their duties for fear of personal liability. *Id*. Because Plaintiff's sole theory of recovery relies entirely upon the applicability of *Bivens* liability to claims of First Amendment retaliation, the Court finds that Plaintiff's claim is not cognizable as a matter of law.

Even if a *Bivens* remedy were available, Plaintiff's amended complaint still fails to state a plausible claim of First Amendment retaliation. To state such a claim, a plaintiff must allege sufficient facts to allow the Court to reasonably infer that: (1) he engaged in a protected activity; (2) a government official took adverse action against him that would chill a person of ordinary firmness from continuing the protected activity; and (3) the adverse action was motivated in part by the plaintiff's exercise of his constitutional rights. *See Eggenberger v. W. Albany Twp.*, 820 F.3d 938, 943 (8th Cir. 2016).

Here, Plaintiff alleges that Defendant, a federal employee, asked him to stop filming and later refused to assist him in retaliation for his prior filming. Even accepting these facts as true, and assuming that filming a public official in a public building is a protected activity, these allegations do not rise to the level of a constitutional violation. The alleged adverse action—a request to stop filming and a subsequent refusal to provide service—establishes nothing more than a minor inconvenience. Plaintiff's allegations do not support an inference that Defendant's conduct would chill a person of ordinary firmness from engaging in the protected activity. He does not allege that he was unable to obtain assistance from another employee or that he was barred from the building altogether. This single refusal of service, particularly in a federal facility where administrative rules regulate filming, does not plausibly rise to the level of a constitutional violation.

## Conclusion

For the foregoing reasons, the Court dismisses this action for failure to state a plausible claim to relief under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2). An appropriate order of dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Adjudicate Amended Complaint Filing" (ECF No. 13) is **DENIED** as moot.

Dated this 25th day of June, 2025.

                                                                             _____
                                                                             JOHN A. ROSS
                                                                             UNITED STATES DISTRICT JUDGE